**CT Corporation**

**Service of Process Transmittal**
03/07/2011
CT Log Number 518143984

**TO:** Sylvia Lacy-Crow, Corporate Information Manager
BAE SYSTEMS Holdings Inc.
13850 McLearen Road
Herndon, VA 20171·

**RE:** **Process Served in New Jersey**

**FOR:** Safariland, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brian Sampson and Maria Sampson, etc., Pltf. vs. Glock, et al. including Safariland, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons (2 sets), Information Statement (2 sets), Complaint and Jury Demand (2 sets) |
| **COURT/AGENCY:** | Morris County: Superior Court, Law Division, NJ Case # MRS-L-434-11 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personal Injury - Holster not reasonably fit or safe for its intended purpose due to its failure to contain adequate warnings or instructions - Holster Model 6000-38321-121 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/07/2011 postmarked on 03/03/2011 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days, not counting the date you received it |
| **ATTORNEY(S) / SENDER(S):** | Robin D. Kobin Nusbaum, Stein, Goldstein, Bronstein & Kron, P.C. 20 Commerce Boulevard Suite E Succasunna, NJ 07876 973-584-1400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/07/2011, Expected Purge Date: 03/12/2011 Image SOP Email Notification, Sylvia Lacy-Crow SYLVIA.LACY-CROW@BAESYSTEMS.COM Email Notification, Pat Huff pat.huff@baesystems.com |
| **SIGNED:** **PER:** **ADDRESS:** | The Corporation Trust Company Tyeasha Harris 820 Bear Tavern Road 3rd Floor West Trenton, NJ 08628 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of  1 / CE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE º
LARRY I. KRON
ROBERT D. KOBINᵒ
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A
*Civil Trial Attorney
•Matrimonial Attorney
^Workers' Compensation Attorney
�□Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar

March 3, 2011

Certified Mail R.R.R.
Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

RE:  Brian Sampson v. Glock, Ges m.b.H., et al.
Docket No.: MRS-L-434-11

Dear Sir/Madam:

Enclosed please find a Summons and Complaint on behalf of Brian Sampson, filed by this office in the Superior Court, Law Division, Morris County.

I would suggest you forward this Summons & Complaint directly to your attorney so this matter can proceed in due course.

Thank you for your attention to this matter.

Very truly yours,

Robert D. Kobin

RDK/em
enc.

NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
(973) 584-1400
Attorneys for Plaintiff

| | |
|---|---|
| BRIAN SAMPSON and MARIA SAMPSON, his wife, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - MORRIS COUNTY |
| Plaintiffs, | Docket No. MRS-L-434-11 |
| vs. | Civil Action |
| GLOCK, Ges. m.b.H., GLOCK INC., SAFARILAND, LLC, STREAMLIGHT CORP., ABC CORP. 1-10 | |
| Defendants. | **SUMMONS** |

The State of New Jersey, to the Above Named Defendant:   SAFARILAND, LLC

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. The phone numbers for the county in which this action is pending are: Legal Services Office (973) 285-6911, and Lawyer Referral Services Office (973) 267-5882.

DATED: March 3, 2011

                                        /s/ Jennifer M. Perez
                                        JENNIFER M. PEREZ, Clerk

Name and Address of Defendant:       Corporation Trust Company
                                     820 Bear Tavern Road
                                     West Trenton, NJ 08628

**Appendix XII-B1**

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|


## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Robert D. Kobin, Esq. | (973) 584-1400 | Morris |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Nusbaum, Stein, Goldstein, Bronstein & Kron, PA | L-434-11 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 20 Commerce Blvd., Suite E | Complaint |
| Succasunna, NJ 07876 | |
| | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Brian Sampson and Maria Sampson, his wife | Brian Sampson and Maria Sampson v. Glock, Ges. m.b.H., Glock Inc., Safariland, LLC, Streamlight Corp. and ABC Corp. 1-10, |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|
| 606 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes   ■ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES   ■ No | ☐ NONE  ■ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP? | | |
|---|---|---|---|
| ☐ YES   ■ No | ☐ EMPLOYER/EMPLOYEE  ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR  ☐ BUSINESS | ☐ OTHER (explain) |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES   ■ No | |

| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
|---|---|
| ☐ YES   ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | *Robert D. Kobin* |
|---|---|



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280  ZELNORM
- 285  STRYKER TRIDENT HIP IMPLANTS
- 288  PRUDENTIAL TORT LITIGATION
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD

**Mass Tort (Track IV)**
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 277  MAHWAH TOXIC DUMP SITE
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 283  DIGITEK
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

NUSBAUM, STEIN, GOLDSTEIN
BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
(973) 584-1400
Attorneys for Plaintiff

RECEIVED & FILED
SUPERIOR COURT
2011 FEB 10  P 3: 07
CIVIL DIVISION

|  |  |
|---|---|
| BRIAN SAMPSON and MARIA SAMPSON, his wife,<br><br>        Plaintiff,<br><br>v.<br><br>GLOCK, Ges. m.b.H., GLOCK INC., SAFARILAND, LLC STREAMLIGHT CORP. ABC CORP. 1-10<br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:MORRIS COUNTY<br><br>Docket No. MRS L- 434-11<br>Civil Action<br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, Brian Sampson and Maria Sampson, residing 21 Snover Road, Wantage, Sussex County, New Jersey by way of complaint against the Defendants say:

### THE PARTIES

1.    Defendant Glock Ges. m.b.H., is a company headquarted in the Republic of Austria which designs, manufactures, and distributes Glock pistols including but not limited to the Glock pistol which is the subject of this action. Defendant Glock, Inc. is a foreign profit corporation of the State of Georgia with a principal business address of 6000 Highlands Parkway, Smyrna, Georgia 30082 with an agent for service of process, National Registered Agents, Inc. of NJ, 100 Canal Pointe Blvd., Suite 108, Princeton, NJ 08540 and was in the business of manufacturing, designing and distributing Glock pistols and

1

specifically the Glock 21, .45 caliber handgun Serial #KSG697 which is the subject of this action. Hereinafter Defendant Glock Ges. m.b.H., and Defendant Glock, Inc. shall be collectively referred to as "Defendants Glock".

2.     Defendant Safariland is a foreign corporation of the State of Delaware with a main business address of 13386 International Parkway, Jacksonville, FL 32218 and maintains an agent for service of process at the Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628 and is in the business of manufacturing, distributing, and designing holsters to be used for various pistol applications in law enforcement. Defendant Safariland manufactured, distributed and/or designed the Safariland Model 6004-38321-121 Tactical Leg Holster which is the subject of this action.

3.     Defendant Streamlight Corporation is a foreign corporation of the State of Delaware with a main business address of 30 Eagleville Road, Eagleville, PA 19403 and maintains an agent for service of process at the NJ Department of the Treasury Division of Purchase and Property, Trenton, NJ 08625. Defendant Streamlight Corporation is in the business of manufacturing, distributing, and designing lights and/or lasers for attachment to pistols such as the Glock 21 .45 caliber handgun utilized by the Plaintiff in this matter. Defendant Streamlight Corporation manufactured, distributed and/or designed the Streamlight TLR-1 which is the subject of this action.

4.     Defendant ABC Corps. 1-10 are fictitious corporations whose identities are unknown at this time who were in the business of manufacturing, designing and/or distributing the Glock 21, .45 caliber handgun, and/or the

2

Streamlight TLR-1 and/or the Safariland Model 6004-38321-121 Tactical Leg Holster used by the Plaintiff at the time of the within accident. Should continuing discovery reveal the true identities of Defendant ABC Corps., 1-10 this complaint shall be amended to include the same.

FACTUAL BACKGROUND

1.     At all times relevant hereto Plaintiff Brian Sampson was employed as a Police Officer for the Town of Florham Park Police Department, Morris County, New Jersey.

2.     On or about February 13, 2009, during the course of his employment as an Officer in the Florham Park Police Department, Plaintiff Brian Sampson was on his way to the firing range for scheduled ERT Training (Emergency Response Training). At the time of the incident, Plaintiff Brian Sampson was wearing his Safariland Tactical Leg Holster Model 6000-38321-121 (hereinafter referred to as "the holster"). In the Safariland Holster was the Plaintiff's Glock 21 .45 caliber handgun (herinafter referred to as "the Glock gun") on which was mounted a Streamlight TLR-1 (hereinafter referred to as the "Streamlight"). While proceeding through the hallway of the Florham Park Police Department the Glock 21 .45 caliber handgun discharged. The Plaintiff did not have his hand on the weapon at the time of the discharge. The bullet from the discharged weapon struck the Plaintiff in the lower right leg/right ankle area causing severe and permanent injury. At the time of the incident the Glock gun was maintained pursuant to any and all safety and maintenance requirements, and was placed and carried in the holster pursuant to all safety

3

requirements. Further, at the time of the incident the Streamlight was properly mounted on the Glock gun pursuant to all safety requirements and was maintained on the Glock gun and placed in the holster in a proper fashion. Throughout the relevant timeframe, Plaintiff Brian Sampson handled the Glock gun, the holster and the Streamlight in a safe and appropriate manner. The Plaintiff did not engage in any activity or action during the relevant timeframe that could have resulted in the discharge of the Glock gun.

FIRST COUNT

1.      Plaintiff Brian Sampson repeats and reiterates the allegations in the Factual and Parties sections of this Complaint as if set forth verbatim herein.

2.      The aforementioned identified Glock gun was not reasonably fit, suitable or safe for its intended purpose in that: (a) the Glock gun deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) was designed in a defective manner thereby causing unreasonable risk of harm to Plaintiff Brian Sampson.

3.      As a result of the Glock gun not being reasonably fit or safe for its intended purpose, Defendants Glock are strictly liable to the Plaintiff in accordance with the provisions of N.J.S.A. 2A:58C-1 et. seq.

4.      As a result of the Glock gun not being reasonably fit or safe for its intended purpose, the Plaintiff Brian Sampson was directly caused serious and permanent bodily injury.

4

WHEREFORE, Plaintiff Brian Sampson demands judgment against Defendants Glock and ABC Corp. 1-10 jointly, severally or in the alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

SECOND COUNT

1.      Plaintiff Brian Sampson repeats and reiterates the allegations in the Factual and Parties sections of this Complaint and the First Count as if set forth verbatim herein.

2.      The aforementioned identified holster was not reasonably fit, suitable or safe for its intended purpose in that: (a) the holster deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) was designed in a defective manner thereby causing unreasonable risk of harm to Plaintiff Brian Sampson.

3.      As a result of the holster not being reasonably fit or safe for its intended purpose, Defendant Safariland is strictly liable to the Plaintiff in accordance with the provisions of N.J.S.A. 2A:58C-1 et. seq.

4.      As a result of the holster not being reasonably fit or safe for its intended purpose, the Plaintiff Brian Sampson was directly caused serious and permanent bodily injury.

WHEREFORE, Plaintiff Brian Sampson demands judgment against Defendants Glock, ABC Corp. 1-10 and Safariland jointly, severally or in the

5

alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

<u>THIRD COUNT</u>

1.      Plaintiff Brian Sampson repeats and reiterates the allegations in the Factual and Parties sections of this Complaint and the First and Second Counts as if set forth verbatim herein.

2.      The aforementioned identified Streamlight was not reasonably fit, suitable or safe for its intended purpose in that: (a) the Streamlight deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) was designed in a defective manner thereby causing unreasonable risk of harm to Plaintiff Brian Sampson.

3.      As a result of the Streamlight not being reasonably fit or safe for its intended purpose, Defendant Streamlight is strictly liable to the Plaintiff in accordance with the provisions of <u>N.J.S.A.</u> 2A:58C-1 et. seq.

4.      As a result of the Streamlight not being reasonably fit or safe for its intended purpose, the Plaintiff Brian Sampson was directly caused serious and permanent bodily injury.

WHEREFORE, Plaintiff Brian Sampson demands judgment against Defendants Glock, ABC Corp. 1-10, Safariland and Streamlight, jointly, severally or in the alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

## FOURTH COUNT

1.     Plaintiff Maria Sampson repeats the allegations contained in the Factual and Parties sections of this Complaint and the First, Second and Third Counts as if set forth verbatim herein.

2.     Plaintiff Maria Sampson is the spouse of Plaintiff Brian Sampson.

3.     As a further result of the wrongful conduct of the Defendants, Plaintiff Maria Sampson has suffered and shall continue to suffer the loss of companionship, consortium, and services during the period of Plaintiff Brian Sampson's disability.

WHEREFORE, the Plaintiff Maria Sampson demands judgment against the Defendants Defendants Glock, ABC Corp. 1-10, Safariland and Streamlight, jointly, severally or in the alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

## CERTIFICATION

1.     The within matter in controversy is the subject of a workers' compensation claim under the CP# 2009-28954 entitled <u>Brian Sampson v. Florham Park Police Department</u>.

2.     No other action or an arbitration proceeding is contemplated by plaintiff herein.

3.     No other party should presently be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

7

In accordance with R. 4:25, Robert D. Kobin, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

## DEMAND FOR INTERROGATORIES

Plaintiff hereby demands that Defendants provide answers to Uniform Interrogatories Form C, and Form C(4) within the timeframe provided by the Rules of Court.

## DEMAND FOR DOCUMENTS

Plaintiff demands that Defendants provide Plaintiff with a true and accurate copy of Defendants' Insurance Agreement including Excess Coverage Policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnity or reimburse for payments made to satisfy the judgment, within the time frame prescribed by the Rules of Court.

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.

By: _____
Robert D. Kobin

Date: February 10, 2011

RECEIVED & FILED
SUPERIOR COURT
2011 FEB 10 P 3: 01
CIVIL DIVISION

8

NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
(973) 584-I400
Attorneys for Plaintiff

| | |
|---|---|
| BRIAN SAMPSON and MARIA SAMPSON, his wife, ) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - MORRIS COUNTY |
| ) | |
| Plaintiffs, ) | Docket No. MRS-L-434-11 |
| ) | |
| vs. ) | |
| ) | Civil Action |
| GLOCK, Ges. m.b.H., GLOCK INC., SAFARILAND, LLC, STREAMLIGHT CORP., ABC CORP. 1-10 ) | |
| ) | |
| ) | **SUMMONS** |
| Defendants. ) | |

The State of New Jersey, to the Above Named Defendant:   SAFARILAND, LLC

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The Complaint attached to this Summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  The phone numbers for the county in which this action is pending are: Legal Services Office (973) 285-6911, and Lawyer Referral Services Office (973) 267-5882.

DATED: March 3, 2011

                             /s/ Jennifer M. Perez
                             JENNIFER M. PEREZ, Clerk

Name and Address of Defendant:      Corporation Trust Company
                                    820 Bear Tavern Road
                                    West Trenton, NJ 08628

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
|  | **Use for initial Law Division** Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Robert D. Kobin, Esq. | TELEPHONE NUMBER<br>(973) 584-1400 | COUNTY OF VENUE<br>Morris |
|---|---|---|
| FIRM NAME  (if applicable)<br>Nusbaum, Stein, Goldstein, Bronstein & Kron, PA | | DOCKET NUMBER (when available)<br>L-434-11 |
| OFFICE ADDRESS<br>20 Commerce Blvd., Suite E<br>Succasunna, NJ 07876 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND   ■ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Brian Sampson and Maria Sampson, his wife | CAPTION<br>Brian Sampson and Maria Sampson v. Glock, Ges. m.b.H., Glock Inc., Safariland, LLC, Streamlight Corp. and ABC Corp. 1-10, |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>606 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES   ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES   ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES   ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ■ No | |
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION | |

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ Yes   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Robert D. Kobin*

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280 ZELNORM
285 STRYKER TRIDENT HIP IMPLANTS
288 PRUDENTIAL TORT LITIGATION

290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD

**Mass Tort (Track IV)**
248 CIBA GEIGY
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE
274 RISPERDAL/SEROQUEL/ZYPREXA
275 ORTHO EVRA
277 MAHWAH TOXIC DUMP SITE
278 ZOMETA/AREDIA
279 GADOLINIUM

281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
283 DIGITEK
284 NUVARING
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

NUSBAUM, STEIN, GOLDSTEIN
BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
(973) 584-1400
Attorneys for Plaintiff

RECEIVED & FILED
SUPERIOR COURT
2011 FEB 10 P 3:07
CIVIL DIVISION

|  |  |
|---|---|
| BRIAN SAMPSON and MARIA SAMPSON, his wife,<br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>GLOCK, Ges. m.b.H., GLOCK INC., SAFARILAND, LLC STREAMLIGHT CORP. ABC CORP. 1-10<br>　　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:MORRIS COUNTY<br><br>Docket No. MRS L- 434-11<br>Civil Action<br><br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, Brian Sampson and Maria Sampson, residing 21 Snover Road, Wantage, Sussex County, New Jersey by way of complaint against the Defendants say:

### THE PARTIES

1.　　Defendant Glock Ges. m.b.H., is a company headquarted in the Republic of Austria which designs, manufactures, and distributes Glock pistols including but not limited to the Glock pistol which is the subject of this action. Defendant Glock, Inc. is a foreign profit corporation of the State of Georgia with a principal business address of 6000 Highlands Parkway, Smyrna, Georgia 30082 with an agent for service of process, National Registered Agents, Inc. of NJ, 100 Canal Pointe Blvd., Suite 108, Princeton, NJ 08540 and was in the business of manufacturing, designing and distributing Glock pistols and

1

specifically the Glock 21, .45 caliber handgun Serial #KSG697 which is the subject of this action.  Hereinafter Defendant Glock Ges. m.b.H., and Defendant Glock, Inc. shall be collectively referred to as "Defendants Glock".

2.      Defendant Safariland is a foreign corporation of the State of Delaware with a main business address of 13386 International Parkway, Jacksonville, FL 32218 and maintains an agent for service of process at the Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628 and is in the business of manufacturing, distributing, and designing holsters to be used for various pistol applications in law enforcement.  Defendant Safariland manufactured, distributed and/or designed the Safariland Model 6004-38321-121 Tactical Leg Holster which is the subject of this action.

3.      Defendant Streamlight Corporation is a foreign corporation of the State of Delaware with a main business address of 30 Eagleville Road, Eagleville, PA 19403 and maintains an agent for service of process at the NJ Department of the Treasury Division of Purchase and Property, Trenton, NJ 08625.  Defendant Streamlight Corporation is in the business of manufacturing, distributing, and designing lights and/or lasers for attachment to pistols such as the Glock 21 .45 caliber handgun utilized by the Plaintiff in this matter. Defendant Streamlight Corporation manufactured, distributed and/or designed the Streamlight TLR-1 which is the subject of this action.

4.      Defendant ABC Corps. 1-10 are fictitious corporations whose identities are unknown at this time who were in the business of manufacturing, designing and/or distributing the Glock 21, .45 caliber handgun, and/or the

2

Streamlight TLR-1 and/or the Safariland Model 6004-38321-121 Tactical Leg

Holster used by the Plaintiff at the time of the within accident. Should

continuing discovery reveal the true identities of Defendant ABC Corps., 1-10

this complaint shall be amended to include the same.

FACTUAL BACKGROUND

1.    At all times relevant hereto Plaintiff Brian Sampson was employed

as a Police Officer for the Town of Florham Park Police Department, Morris

County, New Jersey.

2.    On or about February 13, 2009, during the course of his

employment as an Officer in the Florham Park Police Department, Plaintiff Brian

Sampson was on his way to the firing range for scheduled ERT Training

(Emergency Response Training). At the time of the incident, Plaintiff Brian

Sampson was wearing his Safariland Tactical Leg Holster Model 6000-38321-

121 (hereinafter referred to as "the holster"). In the Safariland Holster was the

Plaintiff's Glock 21 .45 caliber handgun (herinafter referred to as "the Glock

gun") on which was mounted a Streamlight TLR-1 (hereinafter referred to as the

"Streamlight"). While proceeding through the hallway of the Florham Park

Police Department the Glock 21 .45 caliber handgun discharged. The Plaintiff

did not have his hand on the weapon at the time of the discharge. The bullet

from the discharged weapon struck the Plaintiff in the lower right leg/right ankle

area causing severe and permanent injury. At the time of the incident the Glock

gun was maintained pursuant to any and all safety and maintenance

requirements, and was placed and carried in the holster pursuant to all safety

3

requirements. Further, at the time of the incident the Streamlight was properly mounted on the Glock gun pursuant to all safety requirements and was maintained on the Glock gun and placed in the holster in a proper fashion. Throughout the relevant timeframe, Plaintiff Brian Sampson handled the Glock gun, the holster and the Streamlight in a safe and appropriate manner. The Plaintiff did not engage in any activity or action during the relevant timeframe that could have resulted in the discharge of the Glock gun.

FIRST COUNT

1.      Plaintiff Brian Sampson repeats and reiterates the allegations in the Factual and Parties sections of this Complaint as if set forth verbatim herein.

2.      The aforementioned identified Glock gun was not reasonably fit, suitable or safe for its intended purpose in that: (a) the Glock gun deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) was designed in a defective manner thereby causing unreasonable risk of harm to Plaintiff Brian Sampson.

3.      As a result of the Glock gun not being reasonably fit or safe for its intended purpose, Defendants Glock are strictly liable to the Plaintiff in accordance with the provisions of N.J.S.A. 2A:58C-1 et. seq.

4.      As a result of the Glock gun not being reasonably fit or safe for its intended purpose, the Plaintiff Brian Sampson was directly caused serious and permanent bodily injury.

4

WHEREFORE, Plaintiff Brian Sampson demands judgment against Defendants Glock and ABC Corp. 1-10 jointly, severally or in the alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

<u>SECOND COUNT</u>

1.      Plaintiff Brian Sampson repeats and reiterates the allegations in the Factual and Parties sections of this Complaint and the First Count as if set forth verbatim herein.

2.      The aforementioned identified holster was not reasonably fit, suitable or safe for its intended purpose in that: (a) the holster deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) was designed in a defective manner thereby causing unreasonable risk of harm to Plaintiff Brian Sampson.

3.      As a result of the holster not being reasonably fit or safe for its intended purpose, Defendant Safariland is strictly liable to the Plaintiff in accordance with the provisions of <u>N.J.S.A.</u> 2A:58C-1 et. seq.

4.      As a result of the holster not being reasonably fit or safe for its intended purpose, the Plaintiff Brian Sampson was directly caused serious and permanent bodily injury.

WHEREFORE, Plaintiff Brian Sampson demands judgment against Defendants Glock; ABC Corp. 1-10 and Safariland jointly, severally or in the

alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

THIRD COUNT

1.    Plaintiff Brian Sampson repeats and reiterates the allegations in the Factual and Parties sections of this Complaint and the First and Second Counts as if set forth verbatim herein.

2.    The aforementioned identified Streamlight was not reasonably fit, suitable or safe for its intended purpose in that: (a) the Streamlight deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) was designed in a defective manner thereby causing unreasonable risk of harm to Plaintiff Brian Sampson.

3.    As a result of the Streamlight not being reasonably fit or safe for its intended purpose, Defendant Streamlight is strictly liable to the Plaintiff in accordance with the provisions of N.J.S.A. 2A:58C-1 et. seq.

4.    As a result of the Streamlight not being reasonably fit or safe for its intended purpose, the Plaintiff Brian Sampson was directly caused serious and permanent bodily injury.

WHEREFORE, Plaintiff Brian Sampson demands judgment against Defendants Glock, ABC Corp. 1-10, Safariland and Streamlight, jointly, severally or in the alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

6

## FOURTH COUNT

1.  Plaintiff Maria Sampson repeats the allegations contained in the Factual and Parties sections of this Complaint and the First, Second and Third Counts as if set forth verbatim herein.

2.  Plaintiff Maria Sampson is the spouse of Plaintiff Brian Sampson.

3.  As a further result of the wrongful conduct of the Defendants, Plaintiff Maria Sampson has suffered and shall continue to suffer the loss of companionship, consortium, and services during the period of Plaintiff Brian Sampson's disability.

WHEREFORE, the Plaintiff Maria Sampson demands judgment against the Defendants Defendants Glock, ABC Corp. 1-10, Safariland and Streamlight, jointly, severally or in the alternative for compensatory damages, punitive damages, attorneys fees, medical expenses, lost income, interest and costs of suit.

## CERTIFICATION

1.  The within matter in controversy is the subject of a workers' compensation claim under the CP# 2009-28954 entitled <u>Brian Sampson v. Florham Park Police Department</u>.

2.  No other action or an arbitration proceeding is contemplated by plaintiff herein.

3.  No other party should presently be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25, Robert D. Kobin, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

DEMAND FOR INTERROGATORIES

Plaintiff hereby demands that Defendants provide answers to Uniform Interrogatories Form C, and Form C(4) within the timeframe provided by the Rules of Court.

DEMAND FOR DOCUMENTS

Plaintiff demands that Defendants provide Plaintiff with a true and accurate copy of Defendants' Insurance Agreement including Excess Coverage Policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnity or reimburse for payments made to satisfy the judgment, within the time frame prescribed by the Rules of Court.

JURY DEMAND

Plaintiffs hereby demand trial by jury.

NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.

By: _____
       Robert D. Kobin

Date: February 10, 2011

RECEIVED & FILED
SUPERIOR COURT
2011 FEB 10   P 3: 07
CIVIL DIVISION

8



UNITED STATES POSTAGE

$ 06.66°

PITNEY BOWES

02 1A
0004627473   MAR 03 2011
MAILED FROM ZIPCODE 07876

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7010 1670 0001 8976 0647

NUSBAUM, STEIN, GOLDSTEIN,
COUNSELLORS
20 COMMERCE BOULE
SUCCASUNNA, N

Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628