<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN SAMPSON and MARIA SAMPSON, his wife,<br><br>Plaintiffs,<br><br>v.<br><br>GLOCK, INC., et al.,<br><br>Defendants. | Civil Action No. 11-1701 (ES)<br><br>OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Brian Sampson's motion for reconsideration, (D.E. No. 70), and Defendant Glock, Inc.'s motion for sanctions, (D.E. No. 79). For the reasons set forth below, the Court denies both Plaintiff's motion for reconsideration and Defendant's motion for sanctions.

**I.  Factual Background and Procedural History**

In its March 24, 2014 Opinion, the Court laid out the facts and procedural history giving rise to this matter. *See Sampson v. Glock*, No. 11-1701, 2014 WL 1225581 (D.N.J. Mar. 24, 2014). In that opinion, the Court granted Defendant's unopposed motion for summary judgment. *See id.* at *5. The Court's Order granting summary judgment was entered on the docket on March 25, 2014. (D.E. No. 68).

On April 22, 2014, Plaintiff filed the instant motion for reconsideration of the Court's March 24, 2014 decision. (D.E. No. 70). On May 5, 2014, Defendant opposed Plaintiff's motion

1

for reconsideration. (D.E. No. 77). Subsequently, on June 4, 2014, Defendant filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (D.E. No. 79).

**II.     Discussion**

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. A motion for reconsideration must "be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). Furthermore, a motion for reconsideration must set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*

It is well-settled that "a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." *Fletcher v. St. Joseph Reg'l Med. Ctr.*, No. 10-1499, 2013 WL 3146879, at *3 (D.N.J. June 19, 2013); *see also Warren v. Fisher*, No. 10-5343, 2013 WL 6805668, at *3 (D.N.J. Dec. 20, 2013) ("Reconsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided."). Indeed, "[a] motion for reconsideration is 'an extraordinary remedy to be granted very sparingly.'" *Watkins v. DineEquity, Inc.*, No. 11-7182, 2013 WL 396012, at *2 (D.N.J. Jan. 31, 2013) (quoting *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005)).

In this case, there was nothing that the Court "overlooked" in granting summary judgment, since Plaintiff failed to oppose Defendant's motion for summary judgment.[1] *See* L. Civ. R. 7.1(i).

---

[1] On August 19, 2013, Plaintiff filed a request for an extension of time to file his opposition to Defendant's motion for summary judgment. (D.E. No. 61). The Court granted Plaintiff's request on August 21, 2013. (D.E. No. 63). Despite receiving this extension of time, Plaintiff allowed the deadline to elapse and did not file an opposition to Defendant's motion for summary judgment. Subsequently, on January 9, 2014, the Court sua sponte held a telephone conference during which Plaintiff's counsel represented that he would submit an opposition. (D.E. No. 66). However, Plaintiff never filed an opposition to Defendant's motion for summary judgment.

All of Plaintiff's arguments were raised for the first time on this motion for reconsideration, and Plaintiff has supplied no reason for failing to oppose Defendant's motion for summary judgment. Therefore, Plaintiff's reconsideration motion suffers from a fatal flaw that warrants denial of his motion. *See Kandil v. Yurkovic*, No. 06-4701, 2013 WL 6448074, at *2 (D.N.J. Dec. 9, 2013) ("[T]here was nothing for this Court to overlook, as Plaintiff never submitted an opposition to defendants' motions for summary judgment. This alone is a fetal [sic] flaw in Plaintiff's Motion for Reconsideration."); *Bapu Corp. v. Choice Hotels Int'l, Inc.*, No. 07-5938, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) ("Rule 7.1(i) . . . does not contemplate a Court looking to matters which were not originally presented. Thus, Plaintiffs' arguments . . . are not properly raised for the first time on a motion for reconsideration." (internal citations and quotation marks omitted)); *Joyce v. Sea Isle City*, No. 04-5345, 2008 WL 2875456, at *2 (D.N.J. July 23, 2008) (denying motion for reconsideration and noting that, while the party's argument "may have merit," a court "cannot entertain it for the first time on a motion for reconsideration").

Additionally, Plaintiff's motion for reconsideration is time-barred because it was filed after the fourteen-day deadline elapsed. *See* L. Civ. R. 7.1(i). This alone is grounds to deny Plaintiff's motion for reconsideration. *See Oriakhi v. Bureau of Prisons*, No. 07-264, 2009 WL 1874199, at *3 (D.N.J. June 29, 2009) ("An untimely filed motion for reconsideration may be denied for that reason alone." (internal quotation marks omitted)).

As to Defendant's motion for sanctions, the Court declines to exercise its discretion to impose sanctions in this case. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) ("[T]he imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." (internal quotation marks omitted)).

Accordingly, IT IS on this 16th day of December 2014,

**ORDERED** that, Plaintiff Brian Sampson's motion for reconsideration, (D.E. No. 70), is DENIED; and it is further

**ORDERED** that, Defendant Glock, Inc.'s motion for sanctions, (D.E. No. 79), is DENIED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**